YARRUT, Judge.
This is an appeal from a judgment overruling an exception to the jurisdiction of the Court ratione materiae, and awarding workmen’s compensation to plaintiff under the State Workmen’s Compensation Act. LSA-R.S. 23:1021 et seq.
The record reveals that plaintiff was injured in the hold of a ship while engaged as a longshoreman loading and unloading a vessel afloat in the Mississippi River at New Orleans, which vessel, in excess of 18 tons, was engaged in interstate, and foreign commerce.
The basis of the exception to the jurisdiction is that the federal Longshoremen’s and Harbor Workers’ Compensation Act, 33 U.S.C.A. § 901 et seq., affords the exclusive remedy for compensation when a longshoreman is injured in the manner and circumstances above stated.
In view of the decisions by this Court in the consolidated cases of Ellis v. Travelers Insurance Co., 123 So.2d 780, and Stepter v. T. Smith & Sons, Inc., 123 So.2d 788, affirmed on certiorari to the Louisiana Supreme Court, holding that the provisions of the federal statute are exclusive, there is no alternative but to set aside the judgment of the District Court and maintain the plea to the jurisdiction ratione materiae. In view of the lack of jurisdiction ratione materiae, the other defenses of prescription and election of remedies cannot be considered.
For the reasons assigned, the judgment of the District Court is set aside, the plea to the jurisdiction ratione materiae maintained, and plaintiff’s suit dismissed, at his cost.
Plea to jurisdiction maintained; judgment set aside.